UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW E. MILLER, | ) | CASE NO. 1:08 CV 1127 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KATHY SHORTS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 5, 2008, pro se plaintiff Andrew E. Miller filed this action under 42 U.S.C. § 1983 against Parole Officer Kathy Shorts, the Ohio Adult Parole Authority ("OAPA"), and four John Doe defendants. In the complaint, plaintiff alleges he was not released on parole within the time recommended by the guideline range. He seeks $ 1,500,000.00 in damages. Mr. Miller also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## **Background**

Mr. Miller was convicted on charges of drug abuse, possession of criminal tools, aggravated robbery, and felonious assault and sentenced in September 1990 to fifteen to sixty years incarceration. He was released on parole in 2005. He was arrested a year later on October 19, 2006 and charged with carrying a concealed weapon, trafficking offenses, and two counts of having a weapon under disability. His parole officer, Kathy Shorts, submitted a parole detainer to hold him for violating the terms of his parole. Ms. Shorts wrote a parole violation report which charged Mr. Miller with three parole violations. A parole revocation hearing was held on December 7, 2006. He states that his violation sanction was determined to be 0 to 9 months incarceration to run from the time of his arrest.

Mr. Miller entered in to an agreement with the State of Ohio on February 26, 2007, and pled guilty to having a weapon under disability. He was sentenced on March 23, 2007 to two years of community control sanctions. On the day before his sentencing, Mr. Miller was indicted on new criminal charges of aggravated assault and felonious assault. See State of Ohio v. Miller, Case No. CR-07-493934 (Cuyahoga Ct. Com. Pl. indictment filed Mar. 22, 2007).[1] Pursuant to another agreement, he pled guilty to aggravated assault. In exchange, the State agreed to nolle the charge of felonious assault. Mr. Miller was sentenced to five years of community control sanctions on November 28, 2007.

A post revocation parole hearing was scheduled for February 14, 2008. Mr. Miller claims it did not proceed at that time because Ms. Shorts did not file a parole violation report. He appeared before the parole board on April 24, 2008. He was scheduled for release on parole on July 8, 2008.

Mr. Miller claims he was held in prison beyond the expiration of his parole violation sanction. He states that from the time of his arrest to his release, he served twenty months on his zero to nine month sanction. He claims that Ms. Shorts failed to timely file his parole violation report and therefore further delayed his release. He asserts that this subjected him to cruel and unusual punishment. Mr. Miller seeks monetary damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

---

[1] Cuyahoga County Court of Common Pleas Dockets can be viewed at: www.cpdocket.cp.cuyahogacounty.us

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Miller fails to state a claim upon which relief may be granted. Jago v. Van Curen, 454 U.S. 14, 20 (1981). Inmates have no constitutional or inherent right to be conditionally released on parole at any time before the expiration of the maximum term of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The decision to grant or deny parole to Ohio prisoners lies wholly within the discretion of the Ohio Adult Parole Authority. Van Curen v. Jago, 641 F.2d 411, 414 (6th Cir. 1981). Mr. Miller's parole violator sanction was zero to nine months; however, he is still under the parameters of the fifteen year to sixty year sentence imposed on him in 1990. Once his parole was revoked, the parole board was under no constitutional obligation to release him on parole.

Moreover, Mr. Miller fails to state a claim for relief under the Eighth Amendment. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id.. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Ms. Shorts's failure to promptly file a parole violator report does not present a sufficiently serious deprivation to amount to cruel and unusual punishment.

## Conclusion

Accordingly, Mr. Miller's application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: July 30, 2008     *s/     James S. Gwin*
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.
4